# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| ANNIE M. THOMAS, on behalf of herself and a class | ) ) ) | |
| Plaintiff, | ) ) | No. 06 C 0463 |
| vs. | ) ) ) | Judge Joan H. Lefkow |
| CAPITAL ONE AUTO FINANCE, INC., and Z-FRANK, L.L.C. | ) ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Annie M. Thomas ("Thomas") brings this putative class action against defendants, Capital One Auto Finance, Inc. and Z-Frank, L.L.C. (together, "defendants"), alleging that defendants violated the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*, by accessing her credit report without her consent or any lawful reason. Presently before the court is Thomas's motion for class certification. This court has jurisdiction over the claims under 28 U.S.C. §§ 1331 and 1337 and 15 U.S.C. § 1681p. For the reasons set forth below, Thomas's motion is granted.

## BACKGROUND

In late 2005, Thomas and approximately 4,783 other Illinois residents received a standardized written solicitation from defendants. The solicitation letter advised that Thomas had been pre-approved for an automobile loan of up to $25,000 and that the "prescreened offer of credit" was based on information in her credit report indicating that she met certain criteria. Thomas alleges that the solicitation letter does not constitute a "firm offer of credit" as required by 15 U.S.C. § 1681b, which prohibits a company from obtaining a consumer's credit report

1

from a credit reporting agency without the consumer's permission unless it intends to make a "firm offer of credit" to the consumer. 15 U.S.C. § 1681b(c)(1).

## STANDARDS

"The Federal Rules of Civil Procedure ("the Rules") provide the federal district courts with 'broad discretion' to determine whether certification of a class-action lawsuit is appropriate." *Keele v. Wexler*, 149 F.3d 589, 592 (7th Cir. 1998). Under the Rules, a determination of class certification requires a two-step analysis. First, the named plaintiff must demonstrate that his action satisfies the four threshold requirements of Rule 23(a):

> (1) numerosity (the class must be so large 'that joinder of all members is impracticable'); (2) commonality (there must exist 'questions of law or fact common to the class'); (3) typicality (named parties' claims or defenses 'are typical . . . of the class'); and (4) adequacy of representation (the representative must be able to 'fairly and adequately protect the interests of the class').

*Id.* at 594; Fed. R. Civ. P. 23(a). Additionally, the action must "qualify under one of the three subsections of Rule 23(b)." *Hardin v. Harshbarger*, 814 F. Supp. 703, 706 (N.D. Ill. 1993). In this case, plaintiff seeks certification under subsection 23(b)(3). Rule 23(b)(3) provides that an action may be maintained as a class action if "the court finds that questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy." When evaluating a motion for class certification, the court accepts as true the allegations made in support of certification and does not examine the merits of the case. *Hardin*, 814 F. Supp. at 706 (citing, *inter alia*, *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 177-78, 94 S. Ct. 2140, 2152-53, 40 L. Ed. 2d 732 (1974)). The party seeking class certification bears the burden of showing that the requirements for class certification have been

met. *Id.* (citing, *inter alia, Gen. Tel. Co. of Southwest v. Falcon,* 457 U.S. 147, 161, 102 S. Ct. 2364, 2372, 72 L. Ed. 2d 740 (1982)). Failure to establish any one of the requirements precludes class certification. *Retired Chicago Police Ass'n v. City of Chicago,* 7 F.3d 584, 596 (7th Cir. 1993).

## DISCUSSION

Thomas seeks to certify a class of (a) all persons with Illinois addresses (b) to whom defendants sent or caused to be sent the solicitation letter (c) advertising a Pre-Approval Event at Z Frank Chevrolet (d) where Capital One Auto Finance was involved, (e) on or after January 25, 2004 and before February 14, 2006, (f) who did not obtain credit from defendants in response thereto and (g) whose credit report was prescreened.

### I. The Requirements of Rule 23(a)

#### A. Numerosity

Rule 23(a)(1) requires that the class be so numerous that joinder of all the members is impracticable. Fed. R. Civ. P. 23(a)(1). In order to establish numerosity, plaintiff need not allege the exact number of members of the proposed class. *Johnson v. Rohr-Ville Motors, Inc.,* 189 F.R.D. 363, 368 (N.D. Ill. 1999). Generally, where the membership of the proposed class is at least 40, joinder is impracticable and the numerosity requirement is met. *Id.* (citing *Swanson v. American Consumer Indus., Inc.,* 415 F.2d 1326, 1333 (7th Cir. 1969)). The court is entitled to make "common-sense assumptions that support a finding of numerosity." *Gaspar v. Linvatec Corp.,* 167 F.R.D. 51, 56 (N.D. Ill.1996); *see also Keele v. Wexler,* 1996 WL 124452, at *3 (N.D. Ill. Mar. 19, 1996), *aff'd,* 149 F.3d 589 (7th Cir.1998). Thomas alleges that defendants sent the solicitation letter to 4,783 Illinois residents whose credit report was prescreened.

Defendants concede that numerosity requirement is satisfied. Therefore, the court finds that the proposed class meets the numerosity requirement.

B. Commonality

To meet the commonality requirement, "there must exist 'questions of law or fact common to the class.'" *Keele*, 149 F.3d at 594; Fed. R. Civ. P. 23(a)(2); *see also Tylka v. Gerber Prods. Co.*, 178 F.R.D. 493, 496 (N.D. Ill. 1998) (noting that if at least one question of law or fact is common to the class, then commonality is satisfied). "A common nucleus of operative fact is usually enough to satisfy the commonality requirement of Rule 23(a)(2)." *Keele*, 149 F.3d at 594 (quotation omitted). A common nucleus of operative fact exists where "defendants have engaged in standardized conduct towards members of the proposed class." *Id.* "[T]he commonality requirement has been characterized as a 'low hurdle' easily surmounted." *Scholes v. Stone, McGuire & Benjamin*, 143 F.R.D. 181, 185 (N.D. Ill. 1992).

Here, defendants contend that Thomas does not share common factual and legal issues with other proposed class members because (1) upon receiving the solicitation letter, she did not read it in its entirety, including the terms of the offer; and (2) she did not apply for an automobile loan in response to the solicitation letter. A virtually identical argument raised by defendants was recently rejected in *Wood v. Capital One Auto Finance, Inc.*, 2006 U.S. Dist. LEXIS 67513, at * 5-*6 (E.D. Wis. Sept. 19, 2006). In that case, the court stated:

> "[T]hese details do not effect [*sic*] the common fact that Capital accessed the proposed class members' consumer credit reports and all the proposed class members received the same or substantially similar mailing from Capital. Furthermore, the legal issue raised in the complaint, whether the mailing violates the FCRA by not qualifying as a 'firm offer of credit' within the meaning of the FCRA, depends on the terms of the offer, not on [plaintiff's] or the other recipients' idiosyncratic circumstances. Given that Capital accessed all the proposed class members' consumer credit reports and the terms and

4

conditions in the initial mailing were the same or substantially similar for each recipient, the legal issue is common to Wood and the proposed class members."

*Wood*, 2006 U.S. Dist. LEXIS 67513, at * 5. The *Wood* court's reasoning is persuasive, and therefore, the court finds that the commonality requirement is satisfied in this case.

C. Typicality

To meet the typicality requirement, the named plaintiff's claims or defenses must be "typical . . . of the class." *Keele*, 149 F.3d at 594; Fed. R. Civ. P. 23(a)(3). The typicality requirement, although closely related to the commonality question, focuses on the class representative. "A plaintiff's claim is typical if it arises from the same event or practice or course of conduct that gives rise to the claims of other class members and his or her claims are based on the same legal theory." *Id.*; *De La Fuente v. Stoekly-Van Camp, Inc.*, 713 F.2d 225, 232 (7th Cir. 1983). "Typical does not mean identical, and the typicality requirement is liberally construed." *Gaspar*, 167 F.R.D. at 57. Since "commonality and typicality are closely related, a finding of one often results in a finding of the other." *McKenzie v. City of Chicago*, 175 F.R.D. 280, 286 (N.D. Ill. 1997).

Here, again, Thomas's claim and the proposed class members's claims arise out of defendants' unauthorized access of their credit reports and their receipt of defendants' solicitation letter. All claims depend on establishing that the solicitation letter did not constitute a "firm offer of credit." Accordingly, the typicality requirement is met.

D. Adequacy of Representation

To meet the adequacy of representation requirement, "the representative must be able to 'fairly and adequately protect the interests of the class.'" *Keele*, 149 F.3d at 594; Fed. R. Civ. P.

5

23(a)(4). Under Rule 23(a)(4), the adequacy of representation determination "is composed of two parts: 'the adequacy of the named plaintiff's counsel, and the adequacy of protecting the different, separate, and distinct interest' of the class members." *Retired Chicago Police Ass'n*, 7 F.3d at 598 (citation omitted). Defendants point to no reason why Thomas and her counsel are not adequate representatives of the proposed class, and the court can see none either. Thomas has retained Edelman, Combs, Latturner & Goodwin, LLC, a law firm that has previously been found by this court and others to be capable of representing consumers in class action cases. *See Morris v. Risk Management Alternatives, Inc.*, 203 F.R.D. 336, 344-45 (N.D. Ill. 2001) (Lefkow, J.); *Krause v. GE Capital Mortgage Services, Inc.*, 1998 WL 831896, at *7 (N.D. Ill., Nov. 20, 1998) (Hart, J.); *Pleasant v. Risk Management Alternatives, Inc.*, 2003 WL 22175390, at *5 (N.D. Ill. Sept. 19, 2003) (Coar, J.). The fact that attorneys have been found adequate in other cases "is persuasive evidence that they will be adequate again." *Gomez v. Illinois State Bd. of Ed.*, 117 F.R.D. 394, 401 (N.D. Ill. 1987). Accordingly, the adequacy of representation requirement is satisfied.

## II. The Requirements of Rule 23(b)

As noted above, Thomas seeks certification under Rule 23(b)(3). Rule 23(b)(3) provides that a class can be maintained if "questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and . . . a class action is superior to other available methods for the fair and efficient adjudication of the controversy." Fed. R. Civ. P. 23(b)(3). In determining the applicability of Rule 23(b)(3), the court should consider factors such as "(A) the interest of members of the class in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning

6

the controversy already commenced by or against members of the class; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; (D) the difficulties likely to be encountered in the management of a class action." *Id.*

A. Predominance Requirement

Defendants argue that individual questions of fact predominate on the question of whether the solicitation letter constitutes a "firm offer of credit" as defined by 15 U.S.C. § 1681b. Specifically, defendants contend that where the nature of the credit offer does not permit all terms to be specified in the initial mailing, courts must look at the circumstances beyond the mailing itself in assessing whether the mailing constitutes a "firm offer of credit."

Defendants' argument, which is in effect the same argument it raised in the context of Rule 23(a), was rejected by *Wood* v. *Capital One Auto Finance, Inc.*, 2006 U.S. Dist. LEXIS 67513, at * 5-*6. After identifying the statutory definition of a "firm offer of credit," the *Wood* court observed that the Seventh Circuit has emphasized that a "firm offer" must have value to a normal consumer, because it is the value or benefit to the consumer that justifies the creditor's access to the consumer's credit report. On that basis, the *Wood* court reasoned:

> "[defendants's] position would make it impossible for any potential lender to know beforehand whether it is entitled to obtain credit information. If a creditor were required to know that each recipient would ultimately qualify for the offer before accessing their consumer credit report, any recipient who does not meet the conditions of the offer 'could appear, assert that the offer was worthless given his financial circumstances, and obtain damages if not an injunction.' The *Murray* [v. *GMAC Mortg. Corp.*, 434 F.3d 948, 956 (7th Cir. 2006)] court recognized that such a rule would take away the benefit of the 'firm-offer proviso to the Fair Credit Reporting Act' and would make offers of credit so risky 'that any prudent, law-abiding firm would have to withdraw from the business.'"

*Wood*, 2006 U.S. Dist. LEXIS 67513, at * 5-*6. The *Wood* court thus concluded that in order to decide whether a mailing constitutes a "firm offer of credit," "the court need look no further than

7

the terms and conditions in the mailer itself, whether the terms offered in the mailing have sufficient value to the recipients to justify the creditor accessing their consumer credit report, and whether the terms were honored when recipients accepted the offer." *Id.* (citing *Murray*, 434 F.3d at 956). The *Wood* court's analysis is sound. Thus, since the terms and conditions of the solicitation letter in this case were the same or substantially the same for all of the recipients, the common questions of law or fact predominate under Rule 23(b)(3).

B. Superiority Requirement

Defendants contend that the FCRA, which allows for recovery of individual statutory damages and attorneys' fees, provides the superior mechanism for resolving disputes under the FCRA. The court disagrees. As courts have recognized, the statutory damages available under the FCRA are "too slight to support individual suits." *Wood v. Capital One Auto Finance, Inc.*, 2006 U.S. Dist. LEXIS 67513, at * 5-*6 (quoting *Murray*, 434 F.3d at 953); *see also Braxton v. Farmer's Ins. Gp.*, 209 F.R.D. 654, 662 (N.D. Ala. 2002) ("[T]he cost of investigating and trying cases individually exceeds the value of any statutory and/or punitive damage award that may be due to any particular claimant."). Thus, Rule 23(b)(3) class actions provide an essential vehicle for meaningful enforcement of the FCRA. In addition, since common questions of law and fact predominate, a class action is the most efficient mechanism for resolving these disputes. Accordingly, the superiority requirement is satisfied.

**ORDER**

For the foregoing reasons, Thomas's motion for class certification [# 47] is granted. The court defines the class as "all persons with Illinois addresses to whom defendants sent or caused to be sent the solicitation letter advertising a Pre-Approval Event at Z Frank Chevrolet where Capital One Auto Finance was involved on or after January 25, 2004 and before February 14, 2006 who did not obtain credit from defendants in response thereto and whose credit report was prescreened by defendants. The case will be called for status on November 9, 2006 at 9:30 a.m.

ENTER: *[signature]*
JOAN HUMPHREY LEFKOW
United States District Judge

Dated: October 24, 2006